IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TEXAS CIVIL RIGHTS PROJECT, *et al.*, )<br>)<br>*Plaintiffs*, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY, *et al.,* )<br>)<br>*Defendants*. )<br>) | Civ. A. No. 20-2389 (CJN) |

## JOINT STATUS REPORT

Defendants U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE" and, together, "Defendants"), and Plaintiffs Texas Civil Rights Project ("TCRP") and the Institute for Constitutional Advocacy and Protection ("ICAP, and, together, "Plaintiffs"), by and through undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's October 14, 2020 Minute Order.

1. On August 27, 2020, Plaintiffs filed their complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 ("Complaint" or "Compl."). ECF No. 1.

    a. Plaintiffs' Complaint relates to three FOIA requests seeking DHS, ICE, and CBP records concerning unaccompanied minors, including but not limited to Title 42, Operation CAPIO, policies and procedures, formal agreements with foreign countries to accept removed persons, and various statistics. Compl. ¶¶ 3, 16, 18; Exhibit A, B, C (ECF Nos. 1-1, 1-2, 1-3).

2. On October 8, 2020, Defendant filed its Answer. ECF No. 3.

3. The parties submitted an initial joint status report on November 4, 2020, and

requested that the Court order the parties to submit an additional status report on or before January 4.

4. On November 18, 2020, this Court entered an order directing the parties to file a status report January 4, 2021.

5. The Parties met and conferred by telephone on December 23 and December 31, 2020.

6. The Parties jointly report as follows:

a. ***TCRP's FOIA request to Defendant ICE*** – In their initial joint status report, the parties informed the Court that Defendant ICE had identified approximately 4,752 pages of documents potentially responsive to TCRP's FOIA request and that production would be completed over the course of eleven months, beginning on December 7, 2020. For the December 7, 2020 production, ICE reviewed 507 pages of potentially responsive records. 141 pages were deemed non-responsive and or duplicate, 5 pages were withheld, and 2 pages released in full. The remaining 51 pages were withheld in part pursuant to FOIA exemptions (b)(5), (b)(6), (b)(7)(c) and (b)(7)(e). 308 pages were sent to outside agencies for consultation. Defendant ICE's second production was scheduled to go out on January 7, 2021, but due to the holidays and delays in the FOIA office of ICE, the second production will go out on January 14, 2021.

b. ***TCRP's FOIA request to Defendant DHS*** –Defendant DHS referred TCRP's FOIA request to ICE and responsive records are included among the 4,752 pages Defendant ICE will process.

c. ***ICAP's FOIA request to Defendant CBP*** – In their initial joint status report, the parties informed the Court that CBP was searching for records responsive to ICAP's FOIA request. Defendant CBP reports that the search for responsive records is ongoing, and

undersigned counsel will continue to consult with the agency regarding the status

    7. The Parties submit different requests regarding the timing of the next status report:

        a. *Plaintiffs' Position* – Plaintiffs request that, in addition to ordering a status report due in 60 days, the Court schedule a status conference for January 15, 2021. ICAP's request seeks standards referenced in a newspaper article by a specific CBP public affairs specialist whom there is a reasonable basis to believe may not continue to work at CBP after President-elect Biden takes office on January 20, 2021. To date, Defendant CBP has provided no substantive update on the progress of processing ICAP's request or the expected timing of the production. If Defendant CBP confirms that it has communicated with the public affairs specialist by January 15, 2021 as necessary to process ICAP's request or that the specialist will not be leaving the agency, ICAP agrees that no conference is necessary and can file a notice with the Court.

        b. *Defendants' Position* – Subsequent to the submission of the initial Joint Status Report dated November 4, 2020, undersigned counsel for Defendants joined the Office of the United States Attorney and entered his appearance in December and will be handling the case going forward. It is Defendants' position that this is a relatively new matter, Defendants are reviewing and processing requests diligently, and that status reports should continue to be submitted at 60-day intervals. Defendants respectfully request that the parties file a Joint Status Report in sixty days—i.e., on or before March 4, 2021—to further apprise the Court of the progress in this matter.

Dated: January 4, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　MICHAEL R. SHERWIN
　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　BRIAN P. HUDAK
　　　　　　　　　　　　　　　　　　Chief, Civil Division

　　　　　　　　　　　　　　　By:　*/s/Thomas W. Duffey*
　　　　　　　　　　　　　　　　　　THOMAS W. DUFFEY
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Judiciary Center Building
　　　　　　　　　　　　　　　　　　555 4th St., N.W.
　　　　　　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　　　　　　(202) 252-2510
　　　　　　　　　　　　　　　　　　thomas.duffey@usdoj.gov

　　　　　　　　　　　　　　　　　　*Counsel for Defendants*


　　　　　　　　　　　　　　　　　　*/s/ Robert D. Friedman*
　　　　　　　　　　　　　　　　　　Robert D. Friedman
　　　　　　　　　　　　　　　　　　Institute for Constitutional Advocacy and Protection
　　　　　　　　　　　　　　　　　　Georgetown University Law Center
　　　　　　　　　　　　　　　　　　600 New Jersey Ave. NW
　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　202-661-6599
　　　　　　　　　　　　　　　　　　rdf34@georgetown.edu

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*